FRANCIS A. DANIELS *et al. v.* THE TOWN OF WOONSOCKET.

Proposals made in negotiations for a compromise are privileged communications.
Exceptions not fully stated will be dismissed.

EXCEPTIONS to the Court of Common Pleas.

Appeal to the Court of Common Pleas under Gen. Stat. R. I. cap. 59, § 11, from an appraisal and decree of the town council of Woonsocket. At the trial in the Common Pleas before a jury, the. following exceptions were taken and allowed by the presiding judge : —

*Exception* 1. The testimony of one A. J. Elwell was offered to prove what arrangement was made with other parties whose land was taken by said widening, and the question was asked of said Elwell, " Did you agree with the larger portion of said parties ? " Objected to by appellants. Admitted, and exception taken.

*Exception* 2. Because said Elwell was asked whether or not of the sum of $6,000, paid by the town to one Gillan, whose land was taken, $2,000 were not paid by said Gillan to a lessee of the building on said land. Objected to by appellants. Admitted, and exception taken.

*Exception* 3. Because said Elwell was asked, " In the settlement with Gillan (whose land, as above mentioned, was taken by the widening), what was allowed for the building, and how much for the land ? " Objected to by appellants. Admitted, and exception taken.

*Exception* 4. Because said Elwell was asked to state what offers were made by the appellants to the committee of the town council in settlement of the damages to the estate of the appellants. Objected to by appellants. Admitted, and exception taken.

*April* 4, 1874. DURFEE, J. The second and third exceptions must be overruled, because the statement is not full enough to enable us satisfactorily to judge of the correctness of the rulings excepted to. The first and fourth exceptions are sustained. The first, because the testimony called for by the question excepted to was irrelevant ; the fourth, under the rule which excludes evidence of negotiations for a compromise. 1 Greenleaf Evidence, § 192.

Parties negotiating for a settlement would be shy of offering their best terms if their offers were not privileged. The offers called for were offers made to the committee while they were endeavoring to agree with the appellants upon the damages to be paid for laying the highway over their land. The purpose of such an agreement is to avoid an appraisal and the consequent liability to litigation. It may well be that the appellants, rather than run the risks of an adjudication, would offer to accept less than their actual damages. We think, therefore, that their offers should be treated as privileged. We award a new trial in favor of the appellants.

*Edwin Aldrich & Francis A. Daniels*, for plaintiffs, appellants.
*James M. Ripley*, for defendant.